NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 4 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDGAR ALAM MAGANA,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 14-70268<br><br>Agency No. A029-531-041<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016**

Before:    SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Edgar Alam Magana's motion to remand (Docket Entry No. 21) is denied.

The 90-day stay of proceedings granted on February 4, 2016 has expired.

Respondent's motion to lift the stay of proceedings is denied as moot.

Magana, a native and citizen of El Salvador, petitions for review of the

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we review de novo due process contentions, *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010). We dismiss in part and deny in part the petition for review.

The agency found Magana failed to establish past persecution or a well-founded fear of future persecution on account of a protected ground. We lack jurisdiction to consider Magana's contention that he was or will be persecuted on account of his membership in a particular social group because he did not exhaust it before the agency, *see Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004), and Magana does not otherwise challenge the agency's nexus finding. Thus, we deny the petition as to Magana's asylum and withholding of removal claims.

Substantial evidence also supports the agency's denial of CAT relief because Magana failed to demonstrate it is more likely than not he will be tortured by the government of El Salvador or with its consent or acquiescence. *See Silaya*, 524

F.3d at 1073 (9th Cir. 2008).

Finally, we reject Magana's due process contentions based on streamlining because the BIA did not issue a streamlined decision in this case.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**